UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ASSURANCE GROUP, INC.,  :  <br>    Plaintiff,  :  <br>V.  :  <br>    :  <br>MICHAEL O'CONNOR and THE  :  <br>STANDARD FIRE INSURANCE  :  <br>COMPANY,  :  <br>    :  <br>    Defendants. | CIVIL NO. 4:22-cv-40078  <br><br>JULY 15, 2022 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), Defendant The Standard Fire Insurance Company ("Standard Fire") hereby removes to this Court the action captioned as *The Assurance Group, Inc. v. Michael O'Connor, et al.*, Case No. 2262CV000532-EF, on the docket of the Worcester District Court of the District Court Department of the Trial Court of the Commonwealth of Massachusetts (the "State Action"). Standard Fire removes this action to the United States District Court for the District of Massachusetts because the State Action was pending in of the Worcester District Court of the District Court Department of the Commonwealth of Massachusetts, which is located in the District of Massachusetts.

In support of this Notice of Removal, Standard Fire respectfully alleges:

1. On or about May 9, 2022, Plaintiff The Assurance Group, Inc. ("The Assurance Group" or "Plaintiff") commenced the State Action by filing its Complaint in the State Action. A

true and correct copy of the Complaint, including exhibits/attachments, filed in the State Action is attached as Exhibit "1" hereto.

2. The Summons and the Complaint were served on the Massachusetts Office of Consumer Affairs and Business Regulation, Division of Insurance on June 17, 2022. This Notice of Removal is filed within 30 days of service of process, and is therefore timely under 28 U.S.C. §§ 1446(b) and 1453(b). True and correct copies of the Summons served on Standard Fire via service on the Massachusetts Office of Consumer Affairs and Business Regulation, Division of Insurance are attached as Exhibit "2" hereto.

3. This Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C § 1332(d), because this lawsuit is a "class action," as defined by CAFA, in which there is minimal diversity of citizenship, and the amount in controversy exceeds $5 million, as explained further below. This Court also has jurisdiction under 28 U.S.C. § 1453(b) because this lawsuit is a "class action" as defined by CAFA.

**PARTIES**

4. Plaintiff The Assurance Group, Inc. is, and at all relevant times was, a corporation organized under the laws of Massachusetts, with its principal place of business in Whitinsville, MA. Compl. ¶ 1.

5. Defendant Michael O'Connor is, and at all relevant times was, an individual who is a citizen of the Commonwealth of Massachusetts. Compl. ¶ 2.

6. Defendant The Standard Fire Insurance Company is, and at all relevant times was, a corporation organized under the laws of Connecticut, with its principal place of business in Hartford, CT.

## PLAINTIFF'S ALLEGATIONS[1]

7. Plaintiff filed this case as a putative class action. Compl. at p. 1, ¶ 57.

8. Plaintiff alleges that it owned a 2021 Mazda CX-5 vehicle. Compl. second ¶ 3.[2] Plaintiff alleges that the vehicle was in a collision with a vehicle owned by Michael O'Connor, who had a policy of insurance issued by Standard Fire. *Id.* second ¶ 4. Standard Fire paid The Assurance Group the cost to repair the damage to the vehicle sustained in the collision. *Id.* ¶ 8. Plaintiff alleges that vehicles involved in a collision that suffer property damage, even if repaired to pre-collision condition, are worth less in the resale market than a comparable vehicle that has never been in a collision. *Id.* ¶ 9. Plaintiff calls this difference in market value "inherent diminished value." *Id.* ¶ 10. Plaintiff alleges that the Mazda CX-5 vehicle sustained inherent diminished value as a result of the collision, that it demanded that Standard Fire make payment for inherent diminished value, and that Standard Fire improperly declined to pay Plaintiff the amount of that inherent diminished value. *Id.* ¶¶ 12-20. Plaintiff alleges that Standard Fire purportedly "has taken the company-wide position that if a vehicle is repaired with original manufacturer equipment and restored to its pre-accident condition, it cannot sustain inherent diminished value." *Id.* ¶ 52. Plaintiff seeks to recover on behalf of itself and as representative of "other similarly situated individuals" who allegedly have been damaged by Standard Fire's alleged failure to pay inherent diminished value. *Id.* ¶ 57.

---

[1] Standard Fire does not admit the underlying facts as alleged by Plaintiff or as summarized herein. Standard Fire expressly denies any liability to Plaintiff or the putative class. Standard Fire reserves it rights to challenge the legal sufficiency of the allegations in the Complaint. This notice is being filed for purposes of establishing jurisdiction only and does not constitute an admission of liability.

[2] The Complaint has two paragraphs numbered 3 and 4. This citation is to the second paragraph numbered 3.

9. In Count I of the Complaint, The Assurance Group asserts a claim for negligence against Michael O'Connor, individually. Compl. ¶¶ 22-28.

10. In Count II of the Complaint, The Assurance Group asserts a claim for violation of Mass. G.L. c. 93A, § 2 against Standard Fire. *Id*. ¶¶ 29-57. The Assurance Group asserts this claim on behalf of itself and as representative of "other similarly situated individuals who have been harmed and damaged by" Standard Fire's alleged failure to pay inherent diminished value. *Id*. ¶ 57.

11. Against Standard Fire, The Assurance Group demands damages in an amount to be determined by the Court, pre- and post-judgment interest and costs. Compl., Prayer for Relief.

## JURISDICTION UNDER CAFA

12. Removal is proper under CAFA, 28 U.S.C. § 1332(d)(2), where, as here, a putative class action involves minimal diversity of citizenship and an aggregate amount in controversy exceeding $5 million. Removal is also proper under 28 U.S.C. § 1453(b) because this lawsuit is "class action" as defined by CAFA.

13. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a "class action" under CAFA because it was brought under a state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); Complaint ¶ 57.[3]

---

[3] Although the Complaint does not explicitly name the Massachusetts statute or rule under which it brings the class action, the Complaint is governed by the Massachusetts Rules of Civil Procedure. Mass. R. Civ. P. 23, modeled on Fed. R. Civ. P. 23, authorizes a party to sue "as representative parties on behalf of all" in certain circumstances, as Plaintiff seeks to do in the Complaint. *See* Compl. ¶ 57. Additionally, the cause of action on which Plaintiff seeks class relief, Mass. G.L.c. 93A, explicitly authorizes plaintiffs to bring putative class actions, as Plaintiff seeks to do in the Complaint. *See* Mass. G.L.c. 93A, §§ 9(2), 11.

**Minimal Diversity**

14. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). The named Plaintiff is a corporation organized under Massachusetts law with a principal place of business in Massachusetts. Compl. ¶ 1. Defendant Standard Fire is a corporation organized under Connecticut law with a principal place of business in Connecticut. *Id*. ¶ 3. The citizenship of O'Connor does not bar removal under CAFA, which provides that "[a] class action may be removed to a district court of the United States in accordance with section 1446 … without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

**Amount in Controversy**

15. This case satisfies CAFA's amount in controversy requirement because the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). CAFA provides that "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). As the Supreme Court has explained, "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine [sic] whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

16. The Supreme Court has further explained that "no antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). To satisfy the statutory requirements for removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*.

17. Here, the amount in controversy as alleged in the Complaint exceeds $5 million. Plaintiff alleges that the Mazda's pre-accident value is $38,944. Compl., Ex. A at 12. Plaintiff further alleges that the Mazda's inherent diminished value from the accident is $5,325, notwithstanding that the Mazda was parked when struck by another vehicle, and the cost of repairs was $3,352.49. *Id*. Thus, Plaintiff contends that the inherent diminished value from the accident is 13.67% of the pre-accident value. Plaintiff asserts class claims on behalf of "similarly situated individuals" pursuant to Mass. G.L.c. 93A, § 2. Compl. ¶ 57. Mass. G.L.c. 93A authorizes recovery of treble damages and attorneys' fees. Mass. G.L.c. 93A, §§ 9, 11. The Complaint does not allege any specific time period for the proposed class. The statute of limitations for actions under Mass. G.L.c. 93A is 4 years. Mass. G.L. c. 260, § 5A.

18. A search of Standard Fire's records indicates that the number of auto insurance claims made by third parties involved in accidents with Standard Fire's own insureds in Massachusetts, on which Standard Fire agreed to pay for the damage to the third-party vehicles, was 1,451 in 2021 and 1,000 for part of the year in 2022. A vendor retained by Standard Fire to assist in estimating the value of vehicles when they are deemed total losses prepared an estimate of the approximate average value of the 2,451 vehicles described in the preceding sentence,

which totaled $43,382,539, for an average vehicle value of $17,693.[4] If all of these vehicles suffered inherent diminished value as Plaintiff alleges, and in approximately the same proportion to total vehicle value as Plaintiff alleges with respect to the Mazda (which is not alleged to have sustained unusually extensive damage), then the total inherent diminished value on Standard Fire claims potentially falling within Plaintiff's vaguely-defined proposed class would be approximately $5.9 million for the years 2021 and 2022 (calculated as 13.67% of $43,382,539). (*Id.*) Thus, the amount in controversy requirement under CAFA is met by the putative class members' single damages for 2021 and 2022 alone. Of course, the total amount in controversy is larger, since claims from 2020, 2019, and 2018 (from May 9 of that year forward) are not included in this estimate but are potentially within the proposed class assuming the applicable time period is the limitations period applicable to Plaintiff's Chapter 93A claim.[5] Furthermore, these figures include only single damages; the putative class members potentially could also recover treble damages and attorneys' fees under Chapter 93A, §§ 9, 11.

**Exceptions to CAFA Jurisdiction**

19.     None of the exceptions to CAFA jurisdiction applies. Standard Fire (the only defendant against whom class claims are asserted) is not a citizen of the state in which the action was filed (i.e., Massachusetts), and in any event O'Connor would have no potential liability to the putative class (only to Plaintiff on its individual claim). Accordingly, 28 U.S.C. §§ 1332(d)(3) and (d)(4) do not apply. Section 1332(d)(5)(A) does not apply because Standard Fire is not a State, State official, or other governmental entity against whom the Court may be

---

[4] Standard Fire has not yet been able to extract and analyze pertinent data from prior to 2021.
[5] As noted above, Standard Fire expressly reserves all defenses to class certification and on the merits of Plaintiff's claims and does not intend to suggest that certification of any class or any particular class period would be appropriate.

foreclosed from ordering relief. Section 1332(d)(5)(B) does not apply because the number of members of all proposed plaintiff classes in the aggregate exceeds 100, as set forth above. Section 1332(d)(9) does not apply because Plaintiff's claims do not involve securities or the internal affairs or governance of a corporation or other form of business enterprise.

20.     Pursuant to CAFA, Standard Fire may remove this case without the consent of defendant Michael O'Connor and irrespective of his citizenship. 28 U.S.C. § 1453(b).

21.     Accordingly, this Court has original jurisdiction under CAFA.

**Supplemental Jurisdiction**

22.     Because this Court has original jurisdiction over the class claim (Count II) under CAFA, this Court has supplemental jurisdiction over the other claims in the Complaint (Count I), which likewise arise out of Plaintiff's alleged insurance policy and the claim made under that policy. 28 U.S.C. § 1367(a).

## REMOVAL PROCEDURE

23.     A copy of this Notice of Removal is being served upon all known counsel of record, along with a copy of the Notice to the Clerk of Court for the District of Massachusetts because the State Action was pending in of the Worcester District Court of the District Court Department of the Trial Court of the Commonwealth of Massachusetts, which is being filed simultaneously in that court.

24.     Pursuant to 28 U.S.C. § 1447(b), true and correct copies of all other notices, processes, and proceedings served on Standard Fire or served and/or filed by Standard Fire in the State Action, which consist of: Statement of Damages, Notice of Appearance of Wystan M. Ackerman, Notice of Appearance of Kevin P. Daly, Stipulation to Extend Time to File and Serve

Answer or Other Response, and Notice of Appearance of Attorney Shahan Kapitanyan are attached as Exhibit "3" hereto. To the knowledge of Standard Fire, no hearings or proceedings have taken place in the State Action.

**WHEREFORE**, Standard Fire hereby provides notice that this action is duly removed to this Court.

                                       **DEFENDANT**
                                       **THE STANDARD FIRE INSURANCE**
                                          **COMPANY**

By /s/ *Wystan M. Ackerman*
    Wystan M. Ackerman (BBO #651086)
    Kevin P. Daly (BBO #675644)
    ROBINSON & COLE LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel: (860) 275-8200
    Fax: (860) 275-8299

**CERTIFICATE OF SERVICE**

I, Kevin P. Daly, hereby certify that a copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those, if any, indicated as non-registered participants on this 15th day of July, 2022.

*/s/ Wystan M. Ackerman*
Wystan M. Ackerman